UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAMAR D. HAY, IV,

    Petitioner,

vs.                           Case No. 3:15-cv-619-J-39PDB

SECRETARY, DOC, et al.,

    Respondents.

**ORDER**

Petitioner initiated this action by filing a pro se Petition (Petition) (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 15, 2015, pursuant to the mailbox rule.[1] He challenges 2012 state court (Clay County) judgments of conviction for burglary of a structure or conveyance while armed (case no. 1871); burglary of a dwelling structure or conveyance while armed, possession of a firearm by a convicted felony, grand theft, and driving while license suspended (case no. 1872); burglary of a dwelling and grand theft (case no. 1921); burglary of a dwelling and grand theft (case no. 1922); and burglary of a dwelling and grand theft (case no. 1923). Respondents, in their Motion to

---

[1] The Court gives pro se inmate petitioners the benefit of the mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988). See 28 U.S.C. § 2244(d). In this instance, the Petition was provided to the prison authorities for mailing and stamped on May 15, 2015. Petition at 1. See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

Dismiss and Alternative First Response to Order to Show Cause
(Response) (Doc. 12),[2] argue that the Petition must be dismissed as
untimely. Petitioner filed a Motion to Proceed and First Response
to Respondent's Motion to Dismiss and Motion for Appointment of
Counsel for Evidentiary Hearing (Reply) (Doc. 16). See Order (Doc.
5).

The Antiterrorism and Effective Death Penalty Act (AEDPA)
provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] The Court hereinafter refers to the Exhibits (Doc. 12) submitted in support of the Response as "Ex."

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was charged by information with numerous offenses. Ex. B, Ex. D, Ex. F, Ex. H, and Ex. J. On November 8, 2012, Petitioner signed a Plea of Guilty and Negotiated Sentence form. Ex. K at 50-51. Petitioner pled guilty in exchange for a negotiated sentence of thirty years, concurrent. Id. at 30-40. As part of the agreement, the state waived the minimum mandatory terms. Id. at 30-40, 57-60, and 68-71.

Judgment was entered on November 8, 2012, and Petitioner was sentenced in accordance with the plea agreement. Id. at 53-92. Direct appeals were not taken. Thus, the judgments became final thirty days later on Saturday, December 8, 2012. See Fla. R. App. P. 9.140(b)(3); Saavedra v. State, 59 So.3d 191, 192 (Fla. 3rd DCA 2011); Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, the conviction becomes final when the thirty-day period for filing a direct appeal expires). Since the judgment became final on the weekend, the Court will consider the relevant one-year limitation

period as running from Monday, December 10, 2012, to its expiration date, December 10, 2013.

Although Petitioner filed a Motion for Postconviction Relief on March 13, 2014, this motion did not toll the federal one-year limitation period because it had already expired.[3] Ex. K at 1-23. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the one-year limitation period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), cert. denied, 531 U.S. 991 (2000). Thus, this action was not timely filed.

Based on the foregoing, the Petition is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. The Court recognizes that "§ 2244(d) is subject to equitable tolling in appropriate cases."

---

[3] The April 3, 2015 Motion for Post Conviction Relief did not toll the federal one-year limitation period for the same reason. Ex. R.

4

Holland v. Florida, 560 U.S. 631, 645 (2010). There is a two-pronged test for equitable tolling, and it requires a petitioner to demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Id. at 649 (quotation marks omitted); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted).

Although Petitioner does not claim he is entitled to equitable tolling in his Reply, he suggests that he is entitled to it in the Petition. Petition at 16-17. He states that as a confused layman on psychotropic medication at mental health prison unit, his untimeliness should be excused. He alleges that his medication interfered with his ability to understand the time table of the law.

In this regard, Petitioner bears the burden to show extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle is not easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005),

cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). Indeed,

> "circumstances warranting equitable tolling" do not include restricted access to a law library. Miller v. Florida, 307 Fed. Appx. 366, 368 (11th Cir. 2009) (citing Akins v. United States, 204 F.3d 1086, 1089-90 (11th Cir. 2000); see also Paulcin v. McDonough, 259 Fed. Appx. 211, 213 (11th Cir. 2007) ("Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances."); Coleman v. Mosley, 2008 WL 2039483 at *3 (M.D. Ala. May 12, 2008) ("Petitioner'[s] *pro se* status, ignorance of the law, limited law library access, and lack of legal assistance are insufficient grounds on which to toll the limitation period.").

Couch v. Talladega Circuit Courts, No. 1:11-cv-1737-JFG-MHH, 2013 WL 3356908, at *5 (N.D. Ala. July 3, 2013) (Not Reported in F.Supp.2d).

In this instance, no extraordinary circumstances stood in Petitioner's way and prevented him from timely filing his Petition. He has not met the burden of showing that equitable tolling is warranted. Also, Petitioner did not exercise due diligence as he did not diligently pursue his state court remedies. Instead, he allowed the one-year limitation period to expire by failing to properly file an application for state post-conviction or other collateral review within the one-year limitation period.

The record includes information that Petitioner has a bachelors degree from Jacksonville University. Petition (Doc. 1-3 at 10). Even if this is not the case, during the plea colloquy,

Petitioner told the court he went over the plea form with counsel, Petitioner confirmed that he understood it, and he agreed that he signed it. Ex. K at 36, 50-51. Thus, the record demonstrates that Petitioner is neither illiterate or uneducated. While the Court recognizes that the lack of a formal legal education presents challenges, it does not excuse Petitioner from complying with the time constraints for filing a federal petition. Moore v. Bryant, No. 5:06cv150/RS/EMT, 2007 WL 788424, at *2-*3 (N.D. Fla. Feb. 12, 2007) (Not Reported in F.Supp.2d) (Report and Recommendation), report and recommendation adopted by the District Court on March 14, 2007. Simply, pro se representation alone is not a meritorious excuse and is insufficient to warrant equitable tolling. Johnson v. United States, 544 U.S. 295, 311 (2005).

To the extent Petitioner is claiming that he was mentally incompetent during the entire relevant one-year period, from December 10, 2012 through December 10, 2013, he has not adequately supported such a claim with evidence from that specific period. There is no evidence of a mental condition or infirmity other than those stated in the trial court record and those presented in the records attached to the Petition and Reply. Indeed, the record shows that Dr. William R. Meadows, Ph.D., Forensic Psychologist, found Petitioner competent to proceed prior to Petitioner's plea. Ex. K at 6, 46, 109-11. The plea colloquy shows that Petitioner appropriately responded to all questions posed to him. Ex. K at

7

30-40. Upon review, there is nothing in the record showing that Petitioner exhibited any unusual, inappropriate or disruptive behavior during the plea proceeding or sentencing.

A simple allegation of mental incompetency, without a showing of a causal connection between the incompetence and the failure to file a timely application, does not justify equitable tolling. Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005); see also Fox v. McNeil, 373 F. App'x. 32, 34 (11th Cir. 2010) (per curiam) (finding the petitioner had not met his burden to prove that equitable tolling was appropriate where he had "failed to establish a causal link between his claims of mental incompetence and the untimely filing of his federal habeas corpus petition"), cert. denied, 562 U.S. 1202 (2011). Indeed, some form of "mental impairment is not *per se* a reason to toll a statute of limitations." Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (per curiam) (citation omitted). Instead, Petitioner is required to show that his mental illness was so profound and debilitating that he was unable to file a timely habeas petition, given his mental limitations. Lewis v. Howerton, No. 1:07-cv-2803-JEC-WEJ, 2012 WL 4514044, at *16 (N.D. Ga. Sept. 30, 2012) (Not Reported in F.Supp.2d) ("the question before the Court is whether the mental illness [petitioner] suffered was so profound and debilitating that he would have been unable to file a timely habeas petition, given these limitations"). Petitioner has failed to show

that his mental illness was so profound during the relevant period that he was unable to file a timely habeas petition. Although Petitioner may have suffered or is now suffering from mental impairments, without more, this mental condition does not justify equitable tolling for the relevant period. Lawrence, 421 F.3d at 1226-27.

"To be entitled to equitable tolling on the basis of mental illness, a petitioner must show more than that it is difficult for him to understand and act upon his legal rights; rather, he must show that he was incapable of preparing and filing a federal habeas petition or post-conviction motion any earlier than he did." Moore v. Bryant, No. 8:06-CV-1365-T30TBM, 2006 WL 3091530, at *2 (M.D. Fla. Oct. 30, 2006) (Not Reported in F.Supp.2d). Here, Petitioner has failed to show that his mental condition during the one-year limitation period caused the untimely filing. His conclusory allegation that being on medication and being assigned to a mental health camp, with little to no help, caused his untimeliness in filing a federal petition,[4] is certainly insufficient to satisfy the requirement that Petitioner present evidence to create a

---

[4] The record shows that Petitioner has been diagnosed with Bipolar disorder and Schizophrenia, and after being off of his psychiatric medications for a couple of years, he was "acutely manic" on July 18, 2012. Petition (Doc. 1-3 at 9). On August 9, 2012, he was admitted on Baker Act (Schizoaffective Disorder, bipolar type, 295.70; PTSD 309.81) and discharged on medication. Petition (Doc. 1-3 at 3, 5). Some time after his court appointment on October 2, 2012, Dr. Meadows found Petitioner competent to proceed.

factual issue as to a causal connection between any mental impairment and his ability to file a timely petition.

Upon review, Petitioner has not presented any evidence that he was incompetent at the time of his November 8, 2012 plea, or at any time after that date.[5] Indeed, after an extensive review of the record, this Court opines that the record refutes Petitioner's assertion of complete mental incapacity during the relevant AEDPA one-year time period. The record establishes that any mental impairment was not sufficient to render him mentally incapacitated and would not have affected his ability to timely file the petition in this Court. Indeed, Petitioner has failed to show profound mental incapacity during the relevant time period, and the record supports the conclusion that Petitioner was mentally capable of filing a timely petition in this Court. See Taylor v. Lightner, No. 14-00156-WS-N, 2015 WL 3407622, at *5 (S.D. Ala. May 27, 2015) (Not Reported in F.Supp.3d) (concluding that the petitioner failed to present evidence in support of his assertion or shown any causal connection between the alleged mental deficiency and his ability to timely file his petition); Scott v. Tucker, No. 3:11cv64/WS/EMT,

---

[5] The circuit court, in denying post conviction relief, noted the following: Petitioner conceded that Dr. Meadows found him competent to proceed; Petitioner stated on the record that he understood the consequences of his plea; and, he accepted the benefit of the bargain. Ex. K at 48, Order Denying Defendant's Motion for Postconviction Relief. The First District Court of Appeal affirmed per curiam the denial of post conviction relief. Ex. N.

2012 WL 1314087, at *6 (N.D. Fla. Mar. 15, 2012) (Not Reported in F.Supp.2d) (holding a conclusory assertion of inability to understand and appreciate federal law and procedure due to a mental disorder is insufficient to satisfy the requirements for finding entitlement to equitable tolling), report and recommendation adopted by Scott v. Tucker, 2012 WL 1313500 (N.D. Fla. Apr. 17, 2012).

As such, Petitioner is not entitled to the extraordinary remedy of equitable tolling and his Petition is due to be dismissed as untimely. In his Reply, Petitioner still seeks to have the merits of the underlying claims of his Petition addressed, but, instead of asserting entitlement to equitable tolling, he contends that this Court should address the merits of the Petition because he is actually innocent. Reply at 1. To invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new evidence **that was not available at the time of his trial**. See McQuiggin v. Perkins, 133 S.Ct. 1924, 1931-32 (2013). To do so, "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" Id. at 1935 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1985)). This Court summarized the requirements to show gateway innocence:

> "An actual-innocence claim must be supported 'with new reliable evidence—whether

> it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" Milton v. Sec'y, Dep't of Corr., 347 Fed. Appx. 528, 530-31 (11th Cir. 2009) (quoting Schlup, 513 U.S. at 324, 115 S.Ct. 851). A "habeas court must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." House, 547 U.S. at 538, 126 S.Ct. 2064. A court may also consider "how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." Id. at 537, 126 S.Ct. 2064 (quotation omitted).

Letemps v. Sec'y, Fla. Dep't of Corr., 114 F.Supp.3d 1216, 1221 (M.D. Fla. 2015).

Petitioner, however, points to no new evidence that was not available at the time of his plea. For case number 1871, he contends that his grandfather was at home at the time of the taking, Petitioner and his brother were guests at the grandfather's house, Petitioner's brother took the gun without Petitioner's knowledge, and Petitioner gave his brother a ride home. Reply at 1-2. Petitioner claims insufficiency of the evidence that he possessed the firearm. Id. at 2. All of the referenced evidence was available at the time of the plea.

In case number 1872, Petitioner claims he and his brother had permission to be in the grandfather's house and Petitioner had a key to the house given to him by his grandfather. Id. Petitioner claims that he is innocent of burglary and this simply constituted

theft.  Id.  He also claims insufficient evidence to prove possession of a firearm.  Id.  Once again, all of this evidence was available at the time of the plea.  It does not constitute new evidence.

In case number 1921, Petitioner asserts he is innocent of burglary because his grandfather was home, Petitioner was doing work on his grandfather's house, and the taking was a theft.  Id.  Again this is not new evidence.  All of this evidence would have been available at the time of the plea proceeding.

Finally, in case number 1922, Petitioner claims he is innocent of burglary and theft because his grandfather told Petitioner he could come by the house and pick up an old cell phone, a gift to Petitioner.  Id.  Petitioner claims he had a key to his grandfather's house,[6] left a note, and did the dishes and folded the laundry to thank his grandfather.  Id.  This is not new evidence that was unavailable at the time of the plea.

---

[6] Although not a model of clarity, Petitioner is apparently asserting that the police confused his grandfather about the fact that he gave a key to his house to Petitioner. Reply at 3. Again, this is not new evidence.  Petitioner's vague and conclusory statement of having witnesses to prove his innocence of burglary is insufficient.  Petitioner asserts he was never "allowed" to call his witnesses.  Id.  The plea colloquy belies this assertion. Petitioner made a conscious and voluntary choice to not call witnesses and accept a plea bargain for a negotiated sentence.  The circuit court, during the course of the plea colloquy, informed Petitioner that he had the right to call witnesses on his behalf, and by accepting the negotiated plea, he was giving up the right to a jury trial. Ex. K at 35.  Petitioner acknowledged his rights and said that he understood.  Id.  In hindsight, Petitioner may not be pleased with his sentence, but he freely and voluntarily accepted the negotiated plea agreement.

Pursuant to <u>Schlup</u> and its progeny, Petitioner is required to offer new reliable evidence that was not available at the time of his trial. Petitioner has not presented any new exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.

In conclusion, Petitioner does not assert or demonstrate that he has new evidence establishing actual innocence. Because Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him, this case will be dismissed with prejudice as untimely.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion to Proceed (Doc. 16) is **DENIED**.

2. Petitioner's Motion for Appointment of Counsel for Evidentiary Hearing (Doc. 16) and request for an evidentiary hearing are **DENIED**.

3. Respondents' Motion to Dismiss (Doc. 12) the Petition as untimely is **GRANTED**.

4. The Petition (Doc. 1) is **DISMISSED with prejudice.**

5. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

6. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[7] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

7. The **Clerk** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of August, 2017.

*/s/ Brian J. Davis*
BRIAN J. DAVIS
United States District Judge

sa 7/25
c:
LaMar D. Hay, IV
Counsel of Record

---

[7] If Petitioner appeals the dismissal of the Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after due consideration, this Court will deny a certificate of appealability.